■ DANIEL CASTIGLIONE, Individually and as Father and Natural Guardian of JULIANN CASTIGLIONE, an Infant, Appellant, v JAMES F. QUINN, Individually and as Father and Natural Guardian of CHRISTOPHER QUINN, an Infant, Respondent. [924 NYS2d 837]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jones, Jr., J.), entered January 6, 2010, which denied his motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

On October 31, 2007, the plaintiff's daughter was sitting on the curb at the corner of Idle Hour Boulevard and Biltmore Avenue in Oakdale when she was struck in the left eye by an egg allegedly thrown by the defendant's son. The plaintiff commenced this action, inter alia, to recover damages for the personal injuries sustained by his daughter as a result of the incident. Issue was joined, and the plaintiff moved for summary judgment on the issue of liability. The Supreme Court denied the motion, and we affirm.

The plaintiff failed to tender sufficient evidence to establish his prima facie entitlement to judgment as a matter of law. The

conclusory assertions in the affidavit of the plaintiff's daughter were insufficient to demonstrate the absence of any material issues of fact and warrant summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly denied the motion, without regard to the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The parties' remaining contentions are without merit or need not be reached in light of our determination. Mastro, J.P., Chambers, Lott and Cohen, JJ., concur.